

May 1, 2023

Mr. Darrel D. Spinks
Executive Director
Texas Behavioral Health Executive Council
1801 Congress Avenue, Suite 7.300
Austin, Texas 78701

**Opinion No. KP-0443**

Re: Authority of the Texas Behavioral Health Executive Council to amend 22 Texas Administrative Code section 465.38(d) regarding the title of an individual holding a specialist in school psychology license (RQ-0483-KP)

Dear Mr. Spinks:

You ask about the authority of the Texas Behavioral Health Executive Council ("Council") to amend an administrative rule to allow a licensed specialist in school psychology or an LSSP to use an alternate title.[1]

You explain that Occupations Code subsection 501.260(a) requires a license for a licensed specialist in school psychology or "LSSP," and that the LSSP license "is the appropriate credential for a person who provides psychological services as required by [s]ection 21.003(b) of the Education Code."[2] Request Letter at 1. You state that an LSSP licensee has previously been permitted to use only the title Licensed Specialist in School Psychology or LSSP, but that nationally such a licensee is typically known as a school psychologist. *See id.* You tell us the Council has received comments that the title LSSP is confusing because it is unfamiliar, unlike the title school psychologist. *Id.* at 2. You point out that Education Code subsection 21.003(b) does not "use or recognize the title LSSP." *Id.* at 1; *see also supra* note 2. You tell us the "purpose for this proposed rule change is to help address the public's confusion regarding this license type, so the public can better understand and recognize[] who they are and what activities they are licensed

---

[1]*See* Letter from Darrel D. Spinks, Ex. Dir., Tex. Behavioral Health Exec. Council, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Nov. 1, 2022), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2022/RQ0483KP.pdf ("Request Letter"); *see also* TEX. OCC. CODE § 501.260(a) (requiring a license for a licensed specialist in school psychology).

[2]Education Code subsection 21.003(b) provides that a person may not be employed by a school district as a "school psychologist . . . unless the person is licensed by the state agency that licenses that profession and may perform specific services within th[at] profession for a school district only if the person holds the appropriate credential from the appropriate state agency." TEX. EDUC. CODE § 21.003(b).

to perform." Request Letter at 2. You identify the following underlined language as a proposed amendment to the relevant administrative rule:

> (d)     The correct title for an individual holding a specialist in school psychology license is Licensed Specialist in School Psychology ~~or~~ (LSSP), or the individual may use the title School Psychologist or Licensed School Psychologist as referenced in Section 21.003 of the Education Code. An LSSP who has achieved certification as a Nationally Certified School Psychologist (NCSP) may use this credential along with the license title of LSSP.

*Id.* at 1 (referring to 22 TEX. ADMIN. CODE § 465.38(d) (2023) (Tex. Behav. Health Exec. Council, Psychological Services for Schools).

### Council's Rulemaking Authority

An administrative agency may adopt only those rules that are authorized by and consistent with its statutory authority. *See Railroad Comm'n of Tex. v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992). Such authority may be either expressly conferred by statute or implied from other powers and duties given or imposed by statute. *See id.*

Occupations Code chapter 507 provides for the Council as an umbrella entity over several behavioral health professions.[3] *See generally* TEX. OCC. CODE §§ 507.001–.404 (establishing and governing the Council). Relevant here, chapter 507 authorizes the Council to administer and enforce Occupations Code chapter 501, the Psychologists' Licensing Act ("Act"). *See id.* §§ 507.151, 501.001. The Council has express authority to "adopt rules as necessary to perform its duties and implement [chapter 507]."[4] *Id.* § 507.152.

Relevant to your question, the Act defines a "[l]icensed specialist in school psychology" as "a person who holds a license to engage in the practice of psychology [issued] under Section 501.260." *Id.* § 501.002(2). In addition to the general rulemaking authority granted the Council in chapter 507, section 501.260 directs that the Council "by rule shall issue a license to a licensed specialist in school psychology. A license issued under this section constitutes the appropriate credential for a person who provides psychological services as required by [s]ection 21.003(b), Education Code." *Id.* § 501.260(a); *see supra* note 2. To the extent the proposed rule is necessary

---

[3]*See* Tex. Att'y Gen. Op. No. KP-0426 (2023) at 1 ("In 2019, the Legislature created the Council to consolidate the regulation and administration of four behavioral health professions: the Marriage and Family Therapists, Professional Counselors, Social Worker Examiners, and Psychologists.").

[4]To the extent the rule you propose here implicates Occupations Code section 507.153, the rule must first be proposed by the Texas State Board of Examiners of Psychologists. *See* TEX. OCC. CODE § 507.153(a) (authorizing the Council to adopt rules relating to certain matters only if the "rule has been proposed by the applicable board for the profession"); *see also id.* § 501.1515 (requiring the examining board for psychologists to propose rules on certain matters to the Council); Tex. Att'y Gen. Op. No. KP-0426 (2023) at 3 (discussing the Council's rulemaking authority under section 507.153).

for the Council to perform its duties to administer and enforce the Act, it is within the Council's rulemaking authority under chapters 507 and 501.

### Proposed Rule Must be in Harmony with the Act

In deciding whether a particular administrative agency has exceeded its rulemaking powers, the determinative factor is whether the rule's provisions are "in harmony" with the general objectives of the statute involved. *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968). Whether a rule is "'in harmony' with the general objectives of the legislation involved is a question of law determined through statutory construction." *Gulf Coast Coal. of Cities v. Pub. Util. Comm'n*, 161 S.W.3d 706, 712 (Tex. App.—Austin 2005, no pet.). A challenger seeking to show a rule is not in harmony with the objectives of the statute must show that the rule: "(1) contravenes specific statutory language; (2) runs counter to the general objectives of the statute; or (3) imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions." *Tex. Bd. of Chiropractic Exam'rs v. Tex. Med. Ass'n*, 616 S.W.3d 558, 569 (Tex. 2021) (quoting *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 33 (Tex. 2017)).

### Proposed Rule Does Not Contravene the Act

By its plain terms, section 501.260 requires the Council to issue a license and deems that license to be the appropriate credential for the employment of "a person who provides psychological services as required by [s]ection 21.003(b), Education Code." TEX. OCC. CODE § 501.260(a). While subsection 501.260(a) contains no language relating to the title used by the person holding the license or credential it points to Education Code subsection 21.003(b), which does specify the titles of employment. *See* TEX. EDUC. CODE § 21.003(b) (identifying a "school psychologist" and an "associate school psychologist"). A rule proposing a title of school psychologist is not contrary to Education Code subsection 21.003(b).

Additionally, the common meaning of "license" is "a permit from an authority to . . . do a particular thing, or carry on a trade." NEW OXFORD AMERICAN DICTIONARY 1007 (3d ed. 2010); *see also Sunstate Equip. Co., LLC v. Hegar*, 601 S.W.3d 685, 697–98 (Tex. 2020) (applying the common meaning to undefined statutory terms and consulting the dictionary for the common meaning). A "credential" commonly means "a document or certificate proving a person's identity or qualifications." NEW OXFORD AMERICAN DICTIONARY 406 (3d ed. 2010). By contrast, a "title" commonly means "a name that describes someone's position or job." *Id.* at 1819. In using the terms "license" and "credential" in section 501.260 instead of a title, the Legislature addressed a person's authority to practice and the document establishing a person's authority to practice, but it did not in subsection 501.260(a) speak to the particular title that a person could or could not use. A court would likely conclude the proposed amendment does not contravene the language of Occupations Code subsection 501.260(a).

### Proposed Rule Does Not Run Counter to the Statute's Objectives or Impose Additional Burdens

We next consider whether the proposed rule is counter to the general objectives of the Act. Subsection 501.003(b) expressly addresses the use of a title. *See* TEX. OCC. CODE § 501.003(b)(1).

It provides that representations "to the public by a title or description of services that includes the word 'psychological,' 'psychologist,' or 'psychology'" constitute the practice of psychology. *Id.* The statutory definition of an LSSP acknowledges that a person licensed as an LSSP is engaged in the practice of psychology. *Id.* § 501.002(2) (defining an LSSP as one "engage[d] in the practice of psychology under [s]ection 501.260"). Thus, as the LSSP licensee holds a license under chapter 501, nothing in the chapter operates to prohibit a licensed person from using the term psychologist as part of the title "school psychologist" or "licensed school psychologist." *See* Request Letter at 1–2; *see also* Tex. Att'y Gen. Op. No. GA-0897 (2011) at 2–3 (concluding that an LSSP's use of a valid Nationally Certified School Psychologist credential is neither false nor misleading or deceptive provided the person's practice is limited to school psychology). Moreover, the Legislature knows how to but did not specify a particular title for an LSSP or otherwise limit the Council's authority to specify a title for an LSSP in subsection 501.260(a). *See* Tex. Occ. Code § 501.260(a); *cf. id.* §§ 501.259(b), 505.303(c)(1).

In addition to providing for the license and credential of an LSSP, section 501.260 also requires that the Council's "rules of practice for a licensed specialist in school psychology . . . comply with nationally recognized standards for the practice of school psychology." *Id.* § 501.260(c). In this provision, the Legislature incorporates nationally recognized standards. *See id.* We understand that those standards "allow for the use of the title 'school psychologist' for those professionals who meet the [National Association of School Psychologists] training standards."[5]

The proposed rule allowing an LSSP to use the title School Psychologist or Licensed School Psychologist does not contravene chapter 501 as it relates to an LSSP.

Lastly, the proposed rule does not impose additional burdens, conditions, or restrictions on an LSSP in addition to the requirements of the Act. *See generally Tex. Bd. of Chiropractic Exam'rs.*, 616 S.W.3d at 569 (noting that this last element is not relevant where a challenger argues an agency rule is too permissive).

**Conclusion**

As noted previously, the general objective of the Act is to ensure a person engaging in the practice of psychology has the necessary qualifications for licensure and does not mislead the public. *See Tex. Ass'n of Psychological Assocs.*, 439 S.W.3d at 603. And with respect to an LSSP, the Act's objective is to provide for a license and credential, as well as establish the required qualifications, for a person engaging in psychology in school employment. A change in title such as you propose is not contrary to those objectives. Moreover, it does not contravene specific statutory authority and does not impose additional burdens, conditions, or restrictions. Accordingly, a court would likely conclude the proposed rule is in harmony with the Act and thus is within the Council's rulemaking authority.

---

[5]Letter from the Tex. Ass'n of Sch. Psychologists, to Honorable Ken Paxton, Tex. Att'y Gen., Op. Comm. at 2 (Dec 19, 2022) (on file with the Op. Comm.).

**S U M M A R Y**

Occupations Code subsection 501.260(a) requires the Texas Behavioral Health Executive Council to "by rule . . . issue a license to a licensed specialist in school psychology." A proposed administrative rule that permits a licensed specialist in school psychology to use the title School Psychologist or Licensed School Psychologist does not contravene specific statutory authority, is not contrary to the general objectives of Occupations Code chapter 501, and does not impose additional burdens, conditions, or restrictions. A court would likely conclude the proposed rule is in harmony with chapter 501's objectives and thus within the Council's authority to adopt.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee